UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                         CASE NO. 6:19-cr-26-Orl-41TBS

ROBERT FRANCIS PRATERSCH

## MOTION IN LIMINE TO PRECLUDE DEFENSE EVIDENCE AND ARGUMENT FOR DIMINISHED CAPACITY DUE TO VOLUNTARY INTOXICATION

The United States of America moves the Court for an order precluding the Defendant from offering evidence and argument that the Defendant lacked the requisite mental state to commit the charged offense due to voluntary intoxication, and states the following in support.[1] The undersigned has conferred with Alisha Marie Nair, counsel for the Defendant, who represented that the Defendant opposes the instant motion.

## FACTUAL BACKGROUND

On September 29, 2018, between 4:43 p.m. and 5:13 p.m., a caller left three threatening voice mails on the main telephone line for the Burlington,

---

[1] The United States does not seek to preclude all mention of the Defendant's intoxication, as this fact is inextricably intertwined with the facts of the case. The United States only seeks to preclude evidence and argument that the Defendant's voluntary intoxication negates the necessary state of mind to be found guilty.

Vermont Office of Senator Bernie Sanders. The answering machine message for the telephone line states clearly that the caller has reached "the office of Senator Bernie Sanders" and invites the caller to leave a message or comment for "Bernie" along with the caller's name and mailing address. The threatening voice mails are transcribed below:

**First Message - 4:43 p.m.:**
"Bernie, you Jew bastard, you had your chance now we're going to behead you ISIS style video taped for the world to see. [Inaudible] fucking hoes you got working for you. What do you got them sucking your cock too you freak bastard?"

**Second message - 5:12 p.m.:**
"Bernie you fucking Jew bastard. How's that knife going to feel cutting your head off boy? You Jew fucking cocksucker."

**Third message - 5:13 p.m.:**
"You pussy ass fucking Bernie Sanders cocksucker. Leave your name and address we'll get back to you, you motherfucker. Listen you Jew fucking cocksucker, you're dead. You're fucking dead"

Caller identification information indicated that the calls came from a cellular telephone number registered to the Defendant.

On October 24, 2018, law enforcement officers interviewed the Defendant at his residence in Kissimmee, Florida. The Defendant voluntarily agreed to speak to the agents. During the interview, the Defendant stated that he "maybe" made the threatening calls to Senator Sanders' office. When shown the transcript of the calls, the Defendant stated that he "probably" made the calls, but was probably very drunk and did not remember. The

Defendant stated that when he drank a lot, he would go on rants. The Defendant stated that he would watch the news and get mad about the way the country was going, particularly the "communists" trying to change our way of life.

Subpoenaed toll records from T-Mobile confirmed that the three threatening calls to Senator Sanders' office were made from the Defendant's cellular telephone from the vicinity of the Defendant's residence.

## **MEMORANDUM OF LAW**

Evidence and argument that the Defendant's voluntary intoxication should negate his guilt should be precluded as irrelevant.

Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In order to be relevant, the evidence must be probative of the proposition it is offered to prove and the proposition must be one that is of consequence to the determination of the action. *United States v. Troya*, 733 F.3d. 1125, 1131 (11th Cir. 2013).

Threatening a Federal official in violation of 18 U.S.C. § 115(a)(1)(B) is a general intent crime. *United States v. Costello*, 760 F.2d 1123, 1127 (11th Cir. 1985); *United States v. Berki*, 936 F.2d 529, 532 (11th Cir. 1991). Voluntary

intoxication cannot negate a general intent crime. *Costello*, 760 F.2d at 1127; *see also United States v. Ettinger* 344 F.3d 1149, 1158 (11th Cir. 2003)(holding that 18 U.S.C. § 111 is a general intent statute to which a diminished capacity defense is inapplicable.)

Given that binding precedent precludes voluntary intoxication as a valid defense to the charged offense, any argument that the jury consider the defendant's voluntary intoxication as a defense amounts to an impermissible argument for jury nullification. *See United States v. Trujillo*, 714 F.2d 102 (11th Cir. 1983)(holding that defense counsel may not argue jury nullification during closing argument, and confining counsel's legal arguments to the jury to principles that will be provided to the jury in the jury instructions); *see also United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998)(holding that a defendant possesses no due process right to present evidence the only relevance of which is to inspire a jury to exercise its power of nullification).

## **CONCLUSION**

In light of the foregoing, the United States moves the Court to preclude the Defendant from introducing evidence or argument that the Defendant lacked the requisite state of mind in the charged offense due to his voluntary intoxication.

                              Respectfully submitted,

                              MARIA CHAPA LOPEZ
                              United States Attorney

By:    */s/ Vincent S. Chiu*
         Vincent S. Chiu
         Assistant United States Attorney
         Florida Bar No. 0084936
         400 W. Washington Street, Suite 3100
         Orlando, Florida 32801
         Telephone:  (407) 648-7500
         Facsimile:   (407) 648-7643
         E-mail:       vincent.chiu@usdoj.gov

U.S. v. Robert Francis Pratersch          Case No. 6:19-cr-26-Orl-41TBS

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alisha Marie Nair, Esq.

*/s/ Vincent S. Chiu*
Vincent S. Chiu
Assistant United States Attorney
Florida Bar No. 0084936
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:     vincent.chiu@usdoj.gov